UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61630-CIV-COHN/SELTZER

AJN INVESTMENTS, LLC,

    Plaintiff,

v.

ZEYAD A. NAZER,

    Defendant.
_____/

## ORDER EXTENDING TIME TO PERFECT SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff's Response to Order to Show Cause [DE 17] ("Response"). The Court has carefully reviewed the Response and the record in this case and is otherwise fully advised in the premises.

On November 12, 2013, the Court issued an Order to Show Cause for Failure to Comply with Fed. R. Civ. P. 4(m) [DE 12] ("Order"). The Order noted that although Plaintiff filed its Complaint in this action on July 29, 2013, Plaintiff had not yet served Defendant with process. Because service must be perfected within 120 days after the Complaint is filed, see Fed. R. Civ. P. 4(m), the Court ordered Plaintiff to show cause, by November 27, 2013, "why it has not timely served Defendant." DE 12 at 1.

In its Response to the Order, Plaintiff states that it has unsuccessfully attempted to serve Defendant at five different locations in Florida, Washington, and Texas. Plaintiff reports, however, that it is "now perfecting substitute service on the Secretary of State forthwith pursuant to Florida Statutes sections 48.161 and 48.181." DE 17 at 1. In this regard, "Plaintiff has filed an Amended Complaint [D.E. 13] alleging that Defendant is a non-resident of the state and/or concealing his whereabouts and an

Alias Summons [D.E. 15] has been issued for service of process on the Secretary of State." Id.

Based on the assertions in Plaintiff's Response, which the record confirms, the Court finds that an extension of the 120-day service period is warranted. See Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281-82 (11th Cir. 2007) (explaining that Rule 4(m) gives courts discretion to extend the service deadline for various reasons, including that "the defendant is evading service" (internal quotation marks omitted)). The record shows that Plaintiff has taken the first two steps to perfect substituted service: sending the process to the Secretary of State by certified mail, and sending notice of service and the process to Defendant by registered or certified mail. See Fla. Stat. §§ 48.161(1), 48.181; DE 16 (Notice to Def. of Service of Process). But Plaintiff has not yet completed the third and final step, namely, filing the return receipt for Defendant's mailing and an affidavit of compliance "on or before the return day of the process or within such time as the court allows." Fla. Stat. § 48.161(1); see Wyatt v. Haese, 649 So. 2d 905, 907 (Fla. 4th DCA 1995) ("Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff shall file an executed return receipt for Defendant's mailing and an affidavit of compliance by **December 6, 2013.** If Plaintiff has not obtained a return receipt by that date, Plaintiff shall instead file a status report concerning service of process.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2013.

JAMES I. COHN
United States District Judge

2

Copies provided to:

Counsel of record via CM/ECF